```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
EASTERN SAVINGS BANK, FSB,
                                          ORDER
                    Plaintiff,    10-CV-4503 (ADS) (WDW)

        -vs.-

WINSTON PRICE a/k/a WINSTON S. PRICE,

                    Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Kriss & Feuerstein, LLP**
*Attorneys for the plaintiff*
360 Lexington Avenue, Suite 1300
New York, NY 10017
        By:  Jerold C. Feuerstein, Esq.
             Joseph C. Vozza, Esq., Of Counsel

**Winston Price,** *pro se*
POB 728
Baldwin, NY 11510

**SPATT, District Judge.**

On October 5, 2010, the Plaintiff Eastern Savings Bank, FSB ("the Plaintiff") commenced this real property action against the Defendant Winston Price a/k/a Winston S. Price ("the Defendant"). The Plaintiff seeks to foreclose on a mortgage encumbering the real property commonly known as 929 Willowbend Lane, Baldwin, NY 11510.

On September 20, 2011, the Court entered a default against the defendant Winston Price a/k/a Winston S. Price and referred the matter to United States Magistrate Judge William D. Wall for a recommendation as to damages, including reasonable attorney's fees and costs. Subsequently, issues arose with respect to whether the defendant had received proper service and notice of the plaintiff's motion for a default judgment.

As a result, on August 9, 2012, Judge Wall issued a Report and Recommendation ("the 2012 Report"), recommending that the Court: (1) vacate the temporary grant of the entry of default against the *pro se* defendant; (2) that the motion for default be denied in its entirety without prejudice to renew; and (3) the plaintiff be permitted to re-serve the *pro se* defendant and re-file the motion, and that the *pro se* defendant be given an opportunity to respond to the motion for default. There were no objections filed to the 2012 Report.

Although the Court had not yet adopted the Report, on September 5, 2012, the Plaintiff renewed its motion for a default judgment. Thereafter, on September 19, 2012, the Court adopted the 2012 Report in its entirety. Because the Plaintiff had already re-filed the motion for a default judgment on September 5, 2012, the Court granted the *pro se* Defendant thirty days from the date of the September 19, 2012 Order to respond to the motion for default. To date, the *pro se* Defendant has not responded to the motion for default. Accordingly, the Court again referred this matter to Judge Wall for a report and recommendation as to whether the renewed motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

On July 30, 2013, Judge Wall issued a Report and Recommendation (the "Report") recommending that the Plaintiff's renewed motion for default judgment and damages be granted. Further, Judge Wall recommended that the Plaintiff be granted (1) a Judgment of Foreclosure and Sale, recognizing that the amount due on the Note and Mortgage is $296,242.93 as of August 16, 2011 plus accrued late charges of $762.90; a negative escrow balance of $25,588.40; and interest on the negative escrow balance of $2,216.19, for a total deficiency of $324,763.74; (2) a reformation of the mortgage to reflect a corrected property description; (3) an appointment of a referee to conduct the sale under conditions set out in the proposed Judgment of Foreclosure and Sale; and (4) an award of attorney's fees in the amount of $4,800 and costs in the amount of $2,110, for a total award of $331,673.74. (Report at 1.) Judge Wall also recommended that the Plaintiff's second cause of action for a

2

declaratory judgment be dismissed as per the Plaintiff's request, with the Court recognizing that the Defendant has been the record owner of the mortgaged premises since 1996, based on the stipulation of former Defendant Antoinette Price.

In addition, Judge Wall recommended that the Court adopt the substance of the proposed Judgment of Foreclosure and Sale submitted by the Plaintiff except for the paragraphs regarding the declaration of ownership by Winston Price (which is now a recognition of ownership by Price) and those setting forth an award of higher attorney's fees than Judge Wall recommended in the report and the impact of the lower fees on the total amount sought. A copy of the Report was mailed to the *pro se* Defendant. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, it is hereby

**ORDERED**, that Judge Wall's Report and Recommendation is adopted in its entirety. The Court grants the Plaintiff's renewed motion for a default judgment and damages and enters a default judgment against the Defendant; and it is further

**ORDERED**, that the Plaintiff shall be awarded (1) a Judgment of Foreclosure and Sale, recognizing that the amount due on the Note and Mortgage is $296,242.93 as of August 16, 2011 plus accrued late charges of $762.90; a negative escrow balance of $25,588.40; and interest on the negative escrow balance of $2,216.19, for a total deficiency of $324,763.74; (2) a reformation of the mortgage to reflect a corrected property description; (3) an appointment of a referee to conduct the sale under

3

conditions set out in the proposed Judgment of Foreclosure and Sale; and (4) an award of attorney's fees in the amount of $4,800 and costs in the amount of $2,110, for a total award of $331,673.74; and it is further

**ORDERED**, that the Plaintiff's second cause of action for a declaratory judgment is dismissed as per the Plaintiff's request; and it is further;

**ORDERED**, that the Court adopts the substance of the proposed Judgment of Foreclosure and Sale submitted by the Plaintiff except for the paragraphs regarding the declaration of ownership by Winston Price (which is now a recognition of ownership by Price) and those setting forth an award of higher attorney's fees than Judge Wall recommended in the Report and the impact of the lower fees on the total amount sought. The Plaintiff is directed to submit a revised Judgment of Foreclosure and Sale reflecting these changes within twenty (20) days of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
September 3, 2013

                                                                                  _/s/ Arthur D. Spatt_
                                                                                     ARTHUR D. SPATT
                                                                         United States District Judge